**Inderjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72389.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, Regional

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**364**

Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Oil, Genevieve Holm, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Inderjit Singh, a native and citizen of India, petitions for review from the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings based on changed country conditions. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for an abuse of discretion. See *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We are without jurisdiction to review Singh's arguments related to the BIA's final removal order entered on December 13, 2002 because Singh did not file a timely petition for review of that order. *See* 8 U.S.C. § 1252(b); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

The BIA did not abuse its discretion in denying Singh's motion to reopen to allow him to reapply for asylum and withholding of removal based on changed country conditions arising in India because Singh provided no evidence to establish prima facie eligibility for relief. 8 CFR § 1003.2(c)(1);

*see Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

